UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DELBERT F. R.,                                          Case No.   6:18-cv-01138-AC

                 Plaintiff,                          OPINION AND ORDER

    v.

COMMISSIONER   SOCIAL   SECURITY
ADMINISTRATION,

              Defendant.

———————————————————————

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Delbert R.[1] ("Plaintiff") seeks judicial review of the final decision by the Social

Security Commissioner ("Commissioner") denying his applications for Disability Insurance

———————————————

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the
last name of the non-governmental party in this case.

Page 1  – OPINION AND ORDER

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–403 and 1381–1383f.    This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).    Based on careful review of the record, the Commissioner's decision is REVERSED AND REMANDED.[2]

*Procedural and Factual Background*

Plaintiff protectively filed his DIB and SSI applications on March 11, 2014, alleging disability beginning September 1, 2013, as a result of bladder cancer, hepatitis B and C, and high blood pressure.    (Tr. Soc. Sec. Admin. R. ("Tr.") 15, 222, ECF No. 14.)    The claim was denied initially on July 30, 2014, and again upon reconsideration on February 11, 2015.    Plaintiff filed a request for a hearing before an administrative law judge ("ALJ").    The ALJ held a hearing on January 26, 2017, at which Plaintiff appeared with his attorney and testified.    A vocational expert ("VE"), Steven R. Cardinal, also appeared at the hearing and testified.    On June 20, 2017, the ALJ issued an unfavorable decision.    The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Plaintiff was born in 1959, was 54 years old on the alleged onset of disability date, and was 57 years old on the date of the hearing.    (Tr. 49, 86.)    Plaintiff attended school through the ninth grade and has not obtained a GED.    (Tr. 49.)    His past relevant work experience includes press operator, fast food worker, and squeeze operator.    (Tr. 77–78.)

---

[2] The parties have consented to jurisdiction by magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

Page 2  – OPINION AND ORDER

*The ALJ's Disability Analysis*

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The ALJ determined that Plaintiff meets the insured status requirements through December 31, 2018. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (Tr. 18.) At step two, the ALJ determined Plaintiff has the following severe impairments: fractures of the lower extremity; bladder cancer (in remission); degenerative joint disease of the right hip; hammertoe/bunion. (Tr. 18.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. 19.)

The ALJ next determined Plaintiff has the residual functional capacity ("RFC") to perform a range of light work with the following limitations:

> [Plaintiff] is limited to tasks involving about 6 hours total of standing/walking, and about 6 hours total of sitting in an 8-hour workday (with normal breaks). He can frequently climb ladders, ropes, and scaffolds, balance, kneel, crouch, crawl, or stoop/bend.

(Tr. 19.) At step four, the ALJ determined that Plaintiff is able to perform his past relevant work as a fast food worker. (Tr. 22.) Accordingly, the ALJ concluded Plaintiff is not disabled. (Tr. 23.) The ALJ did not make alternative findings at step five of the analysis.

*Issues on Review*

Plaintiff argues the ALJ erred by: (1) rejecting his subjective symptom testimony; and (2) rejecting the opinion of his treating physician, John Ward, M.D.   The Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of legal error.

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.   42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).   "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Hill*, 698 F.3d at 1159; (internal quotations omitted); *Garrison*, 759 F.3d at 1009.   The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.   *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009.   The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation.   *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).   If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner."   *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison*, 759 F.3d at 1010.

*Discussion*

I.    Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting his subjective symptom testimony.   To determine whether a claimant's testimony regarding

subjective pain or symptoms is credible, an ALJ must perform two stages of analysis.  *Trevizo*, 871 F.3d at 678; 20 C.F.R. §§ 404.1529, 416.929.   The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).   At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms.  *Carmickle v. Commissioner Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).   Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony.  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013); *Tommasetti*, 533 F.3d at 1039.

At the hearing, Plaintiff testified that he left the workforce due to liver pain and blood in his urine.  (Tr. 57–58.)   Plaintiff testified that he has ongoing pain on the right side of his abdomen that he attributes to his liver.   (Tr. 62–63.)   Plaintiff described what feels like a knot in his liver, and he explained that turning to his right causes a cramping sensation in his liver and sitting in certain positions causes his lower rib to push into his liver.[3]   (Tr. 62–63.)   Plaintiff

---

[3] The court notes that Plaintiff was observed to have "a very large gallstone nearly filling the gallbladder" on July 12, 2013 (CT urogram), measured at 4.4 centimeters on May 12, 2014

Page 5 – OPINION AND ORDER

testified that he has pain in both feet and explained that a callus on his right foot feels like stepping on a nail. (Tr. 66–69.) He testified that he has pain with walking, and that because of pain in his feet, he can stand for only thirty to forty-five minutes before feeling burning heat and pain in his foot. (Tr. 67–68.) Plaintiff testified that he has constant bladder discomfort and experiences urinary urgency every time he rises from a seated position. (Tr. 59–62.) Plaintiff stated he needs to use the restroom about ten times per day and every ninety minutes throughout the night. (Tr. 59–61.) Plaintiff additionally testified that he has pain in his hip with walking and bending and estimated he is able to walk 1,500 feet before experiencing pain in his right hip. (Tr. 63, 72.) He also testified that he experiences wrist pain and shooting pain in his fingers. (Tr. 72.)

In a Function Report on April 26, 2014, Plaintiff endorsed constant liver pain and explained that he has to be careful bending over to avoid pinching his liver. (Tr. 229.) He also endorsed shooting pains in his foot. (Tr. 229.) He indicated that he frequently awakens during the night to empty his bladder. (Tr. 229.) In addition, he indicated feeling anxious about his medical problems and experiencing nausea every morning. (Tr. 229.)

In the decision, the ALJ gave several reasons for discounting Plaintiff's subjective symptom testimony about disabling pain: (1) Plaintiff's testimony is not supported by objective medical evidence; (2) Plaintiff's testimony regarding debilitating pain is inconsistent with clinical observations; (3) Plaintiff's own testimony is inconsistent; and (4) Plaintiff's right abdominal symptoms improved. Plaintiff argues that the ALJ failed to identify clear and convincing reasons

---

(abdominal ultrasound). (Tr. 539, 311–12.) Aside from a brief note from Dr. Gallup on September 4, 2013 (Tr. 276), nothing in the record indicates that Plaintiff's gallbladder stone has been either treated or investigated as a possible cause of ongoing symptoms.

for discounting his subjective symptom testimony.   After careful examination, the court finds that the ALJ's reasons are neither clear nor convincing.

### A.    Lack of Objective Medical Evidence

When evaluating a claimant's subjective symptom testimony, an ALJ may consider consistency with objective medical evidence.   20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); Social Security Regulation ("SSR") 16-3p, *available at* 2017 WL 5180304, at *7-8 (Oct. 25, 2017).   When coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson*, 359 F.3d at 1197–98).   However, a lack of objective medical evidence may not form the ALJ's sole basis for discounting a claimant's testimony.   *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("the Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).

Here, the ALJ found that when Plaintiff renewed his complaints of right upper quadrant pain to Dr. Ward in early 2016, Dr. Ward observed that there was no clear diagnosis for those symptoms.   (Tr. 21 (citing Tr. 490).)   Dr. Ward opined that he did not think the pain was related to Plaintiff's hepatitis C and continued to seek a diagnosis through a future ultrasound or referral to gastroenterology.[4]   (Tr. 490.)   The ALJ's finding that Plaintiff's subjective symptom

---

[4] Evidence from the hearing suggests that Dr. Ward referred Plaintiff to a gastroenterologist for

Page 7  – OPINION AND ORDER

testimony is inconsistent with objective medical evidence is supported by substantial evidence in the record; however, it cannot form the sole basis for discrediting Plaintiff's subjective symptom testimony. *See Tammy S.*, 2018 WL 5924505, at *4.

B.     *Inconsistency with Clinical Observations*

In assessing Plaintiff's subjective symptom testimony, the ALJ may consider inconsistencies with treatment records in light of the overall diagnostic record. *Ghanim*, 763 F.3d at 1164. A determination that a claimant's subjective complaints are inconsistent with clinical observations can provide a clear and convincing reason for discrediting a claimant's testimony where the ALJ specifies how particular complaints are contradicted by particular clinical observations. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). However, this reasoning is insufficient where "the ALJ d[oes] not specify what complaints are contradicted by what clinical observations." *Id.*

Here, the ALJ found that clinical observations from Drs. Gallup, Schindell, and Patel were "inconsistent with a debilitating pain disorder" and "undermine[d Plaintiff's] allegations of debilitating pain symptoms." (Tr. 21.) The ALJ found that when Plaintiff reported his right flank pain to Dr. Gallup in early September 2013, he denied other symptoms including fatigue, joint and back pain, weakness, anxiety, and depression, and he was alert, cooperative, and in no acute distress, with normal attention span and concentration. (Tr. 21 (citing Tr. 276–78).)

---

further investigation of the source of his symptoms, but no conclusion was reached on the cause of the symptoms. (Tr. 42–43.)

Additionally, the ALJ found that when Dr. Schindell saw Plaintiff in late August 2014, Dr. Schindell noted that Plaintiff "presented as far more comfortable than his stated level of pain." (Tr. 21 (citing Tr. 349–50).)   Finally, the ALJ found that when Dr. Patel saw Plaintiff on July 1, 2015, Plaintiff's right upper quadrant symptoms had resolved.   (Tr. 21 (citing Tr. 359–60).)   At that time, Plaintiff showed with "no pain with active passive range of motion" in any major joints and was alert, oriented, and in no apparent distress.   (Tr. 21 (citing Tr. 359–60).)

The ALJ's findings comparing Plaintiff's complaints to clinical observations lack clarity regarding particular complaints and how they are contradicted.   Regarding Dr. Gallup's September 2013 treatment note, the ALJ discounted the Plaintiff's complaint of right flank pain because Plaintiff complained of no symptoms other than right flank pain.   The ALJ failed to explain how lack of additional symptoms contradicts Plaintiff's chief complaint.   Regarding Dr. Schindell's August 2014 treatment note, the ALJ did not make clear what complaints are at issue. The ALJ implied that Dr. Schindell's observations address the same right abdominal pain that Plaintiff had reported to Dr. Ward earlier in August 2014, but the treatment note indicates that Plaintiff complained to Dr. Schindell of *left* flank pain in connection with an emergency room visit.   The ALJ failed to account for the changing complaints at issue.   Regarding Dr. Patel's July 2015 treatment note, the ALJ again failed to specify the complaint or contradiction at issue.   As the ALJ notes, Plaintiff's right abdominal pain had temporarily resolved at the time.   Accordingly, the ALJ's finding that Plaintiff's presentation to Dr. Patel did not support an allegation of debilitating pain merely confirms Plaintiff's own report of a period of improved abdominal symptoms.   To the extent that the ALJ may have reasoned that Plaintiff's lack of distress in his presentation to Dr. Patel undermined his other complaints, such as his complaints of debilitating

foot pain, this reasoning also fails because the ALJ failed to specify these complaints and how they were contradicted.[5]  In sum, because "the ALJ did not specify what complaints are contradicted by what clinical observations," *see Regennitter*, 166 F.3d at 1297, the ALJ's findings regarding inconsistency between Plaintiff's complaints and physicians' clinical observations are not supported by substantial evidence in the record.  Accordingly, they do not provide a clear or convincing reason to reject Plaintiff's subjective symptom testimony.

    C.    *Inconsistency in Plaintiff's Testimony*

The ALJ may also consider inconsistencies in a plaintiff's testimony.  *Ghanim v. Colvin*, 763 at 1163; *Tommasetti*, 533 F.3d at 1039.  In the decision, the ALJ compared symptom testimony that Plaintiff gave two different doctors in August 2014.[6]  (Tr. 21.)  In early August 2014, Dr. Ward noted that Plaintiff complained of his recurrent right abdominal pain, which prevented him from driving equipment.  (Tr. 349.)  In late August 2014, Dr. Schindell reported that Plaintiff had recently been seen in the emergency department.  (Tr. 350.)  Dr. Schindell noted that the description of severe left flank pain Plaintiff gave Dr. Schindell differed "pretty substantially" from Plaintiff's pain description in the emergency department.  (Tr. 350).  The record lacks any documentation as to Plaintiff's pain description in the emergency department.  The ALJ's reasoning implies that Dr. Schindell was noting inconsistency between what Plaintiff

---

[5] Plaintiff's complaints of foot pain appear throughout his medical record beginning in September 2014.  (Tr. 351, 455–56, 482–83, 485–87, 489, 492.)

[6] The Commissioner argues that the ALJ found evidence of exaggeration based on these facts. Such reasoning is absent from the ALJ's decision, and this court is constrained "to review the reasons the ALJ asserts."  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

Page 10  – OPINION AND ORDER

told him and what Plaintiff told Dr. Ward earlier that month; in contrast, the record indicates that

Dr. Schindell was noting inconsistency between Plaintiff's report to him of left abdominal pain

and a different report in the emergency department. Although Plaintiff appears to have given

some inconsistent testimony regarding various symptoms, the ALJ's finding fails to specify the

inconsistency or relate that inconsistency to particular symptoms. Thus, the ALJ's finding

regarding Plaintiff's inconsistent testimony is not supported by substantial evidence in the record

and fails to provide clear or convincing support to reject Plaintiff's subjective symptom testimony.

> D.    Symptom Improvement

The Commissioner argues the ALJ also noted evidence that Plaintiff's conditions improved

with treatment (Tr. 21) and argues that this observation provides an additional basis to discount

Plaintiff's subjective symptom testimony. The Commissioner's rationale stretches what can

reasonably be inferred from the ALJ's decision. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th

Cir. 2003) (holding the court is constrained "to review the reasons the ALJ asserts").

Furthermore, even if the ALJ's decision could be interpreted to provide such a rationale, such a

finding is unsupported by substantial evidence.

On July 1, 2015, Dr. Patel reported that Plaintiff's right upper quadrant pain worsened in

the first week of his hepatitis C treatment, then resolved. (Tr. 359.) At that time, Plaintiff said

he was doing well. (Tr. 359.) Although there are treatment notes in the record that do not

mention Plaintiff's abdominal pain, the July 1, 2015 note from Dr. Patel is the only instance in the

record in which Plaintiff reported his abdominal pain had fully resolved. The ALJ found that

Plaintiff also reported doing "OK" and "managing fairly well" to Dr. Ward in November 2015.

(Tr. 21 (quoting Tr. 482).) However, this report was in the context of Dr. Ward's note on mental

Page 11 – OPINION AND ORDER

health treatment, indicating that the statements did not address Plaintiff's physical pain.    (Tr. 482.)
Finally, the ALJ noted that by early 2016, Plaintiff was once again complaining of debilitating
right upper quadrant pain, and Dr. Ward reported that the area was painful to palpation, though the
pain lacked a clear diagnosis.    (Tr. 490.)    An ALJ may not cherry-pick instances of improvement
when the record as a whole reflects ongoing symptoms.    *See Ghanim*, 763 F.3d at 1164.
Accordingly, although a finding that Plaintiff's abdominal symptoms improved in summer 2015
is supported by substantial evidence, the record as a whole does not provide substantial evidence
of long-term improvement.    Therefore, Plaintiff's temporary improvement is not a specific, clear
or convincing reason for discounting Plaintiff's subjective symptom testimony.

E.    *Failure to Address Significant Symptoms*

The ALJ's opinion failed to adequately address Plaintiff's subjective symptom testimony
regarding his urinary frequency and urgency and his foot pain.    Although an ALJ need not discuss
all evidence, the ALJ must explain why significant probative evidence has been rejected.    *See*
*Murray v. Comm'r Soc. Sec. Admin*, 226 F. Supp. 3d 1122, 1136 (D. Or. 2017) (citing *Vincent ex*
*rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (noting ALJ need not discuss all
medical evidence presented, but must explain why significant, probative evidence has been
rejected)).

Plaintiff's urinary frequency and urgency problems appear throughout his medical record.
(Tr. 352–53, 370, 406, 512, 518.)    In a treatment note on May 15, 2014, Dr. Brant, Plaintiff's
treating physician for his bladder cancer, noted that Plaintiff has "bladder irritability including
significant urgency and frequency . . . occur[ing] both day and night."    On January 16, 2017,
shortly before the hearing, Dr. Brant noted that Plaintiff continues to experience bladder urgency

Page 12 – OPINION AND ORDER

that is "stable at baseline." (Tr. 512.) At the hearing, Plaintiff endorsed needing to empty his bladder every time he rises from sitting and needing to use the restroom about ten times during the day and every ninety minutes at night. (Tr. 59–61.) At the hearing, the VE testified that a worker who needs to use the bathroom very frequently would spend too much time off-task to maintain competitive employment. (Tr. 83.) The ALJ's decision did not mention Plaintiff's urinary frequency and urgency, and did not explain why Plaintiff's testimony regarding these symptoms was rejected.

Plaintiff's complaints of foot pain also appear throughout his medical record beginning in September 2014. (Tr. 351, 455–56, 482–83, 485–87, 489, 492.) Plaintiff endorsed debilitating foot pain at the hearing. (Tr. 66–69.) Plaintiff's medical record shows that he has a hammertoe on his left foot and that his insurance company denied surgical repair. (Tr. 455–57, 486–87, 490, 492.) Additionally, Plaintiff has a thick callus on his right foot, for which a podiatrist treats him. (Tr. 455, 485–87, 490, 492.) However, the ALJ's analysis of Plaintiff's foot pain was limited to a passing reference. (Tr. 21.) The ALJ failed to explain why he rejected Plaintiff's testimony regarding his foot pain. With no discussion of Plaintiff's urinary symptoms and only a brief reference to Plaintiff's foot symptoms, the ALJ's reasoning falls well below the clear and convincing level necessary to discount Plaintiff's reports of urinary frequency and urgency, and debilitating foot pain with standing and walking. Accordingly, the court finds that the ALJ erred by failing to articulate specific, clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective symptom testimony on these points.

In summary, the ALJ's reasoning in discounting Plaintiff's subjective symptom testimony concerning abdominal pain based on the lack of objective medical evidence is supported by

Page 13 – OPINION AND ORDER

substantial evidence.    However, the ALJ's rationale is otherwise unsupported by substantial

evidence in the record.    Because a lack of objective medical evidence alone cannot support the

ALJ's rejection of Plaintiff's subjective symptoms, *see Tammy S.*, 2018 WL 5924505, at *4, the

ALJ failed to articulate specific, clear and convincing reasons for rejecting Plaintiff's subjective

symptom testimony.

II.    <u>Treating Medical Opinion Evidence</u>

Plaintiff argues that the ALJ erred in giving only limited weight to the opinion of treating

physician John Ward, MD.    "There are three types of medical opinions in social security cases:

those from treating physicians, examining physicians, and non-examining physicians."    *Valentine*

*v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).    In general, the opinion of a

treating physician is given more weight than the opinion of an examining physician, and the

opinion of an examining physician is afforded more weight than the opinion of a non-examining

physician.    *Ghanim*, 763 F.3d at 1160; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R.

§§ 404.1527, 416.927.    "Where a treating or examining physician's opinion is contradicted by

another doctor, the '[ALJ] must determine credibility and resolve the conflict.'"    *Valentine*, 574

F.3d at 692 (citation omitted).    "An ALJ may only reject a treating physician's contradicted

opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'"

*Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.

2008)).    When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is

not supported by clinical findings or is brief or conclusory.    *Bray v. Comm'r of Soc. Sec. Admin.*,

554 F.3d 1219, 1228 (9th Cir. 2009).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and

thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).   Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions.   He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Plaintiff established primary care with Dr. Ward on February 20, 2014.   (Tr. 285, 444.) The record contains Dr. Ward's treatment notes from eleven visits in advance of Dr. Ward's medical evaluation.   (Tr. 285, 289, 349, 351, 352, 357, 370, 396, 482, 485, 489.)   Dr. Ward conducted a medical evaluation on April 1, 2016.   (Tr. 444–48.)   He reported diagnoses of right upper quadrant pain and bilateral foot pain.   (Tr. 444.)   He noted that Plaintiff exhibited pain on exam of his right upper quadrant and had hammertoe deformities on his feet.   (Tr. 445.) Although Dr. Ward opined that Plaintiff's conditions were capable of causing his symptoms, he noted that the symptoms were not corroborated with objective medical findings, that the cause of the abdominal pain had not been elucidated, and that Plaintiff needed podiatric evaluation of his feet.   (Tr. 445.)

Based on these findings, Dr. Ward opined that Plaintiff would need to rest for two hours periodically during the day.   (Tr. 445.)   He indicated that Plaintiff could walk one city block without rest or significant pain, that he could sit for only twenty minutes at a time, and that he could stand or walk for only twenty minutes at a time.   (Tr. 446.)   He indicated that in an eight-

hour workday, Plaintiff could sit for eight hours and stand or walk for four hours. (Tr. 446.) He opined that Plaintiff would need a job that permits shifting positions from sitting, standing, or walking at will and would need an unscheduled ten-minute break each day. (Tr. 446–47.) He indicated that Plaintiff could lift ten pounds frequently and twenty pounds occasionally. (Tr. 447.) He opined that Plaintiff's medical impairments would cause him to miss work three or four days per month. (Tr. 448.)

The ALJ gave Dr. Ward's opinion "only very limited weight" because: (1) there are discrepancies between Dr. Ward's proposed limitations and medical evidence; and (2) Dr. Ward provided little support for his opinions. Dr. Ward's opinion is contradicted by state agency medical consultants Bill Hennings, Ph.D., and Roy Brown, M.D. (Tr. 91, 99, 113–14, 124–25.) The ALJ was therefore required to provide specific, legitimate reasons for discounting Dr. Ward's opinion. *Ghanim*, 763 F.3d at 1161.

### A.    Inconsistency with Medical Evidence

The ALJ identified three ways in which Dr. Ward's proposed limitations are inconsistent with medical evidence: (1) Dr. Ward acknowledged that Plaintiff's symptoms "aren't corroborated with objective medical findings;" (2) Plaintiff "had specifically denied significant impairment only weeks before delivering disability paperwork to Dr. Ward;" and (3) Dr. Ward's proposed limitations conflict with clinical observations in Dr. Houston's treatment notes three months later.

### 1.    Lack of corroboration with objective medical findings

The ALJ reasoned that Dr. Ward's opinion lacks corroboration with objective medical findings. (Tr. 21–22.) Dr. Ward acknowledged in his opinion that although he found that

Page 16 – OPINION AND ORDER

Plaintiff was fatigued and his right upper quadrant was painful to palpation, Plaintiff's symptoms "aren't corroborated with objective medical findings." (Tr. 445.) As discussed above, although Dr. Ward's contemporaneous treatment notes document his efforts to identify the cause of Plaintiff's pain, there is no indication that he was ever successful. (Tr. 42–43, 489–90.) An ALJ may discredit a treating physician's opinion that is unsupported by objective medical findings. *Batson*, 359 F.3d at 1195 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). The ALJ's finding that Dr. Ward's opinion lacks corroboration with objective medical findings is fully supported by substantial evidence in the record. Accordingly, the lack of objective medical findings provides a specific and legitimate reason to reject Dr. Ward's opinion.

2.      Plaintiff's prior denial of impairments

The ALJ next reasoned that Plaintiff "specifically denied significant impairment only weeks before delivering disability paperwork to Dr. Ward." (Tr. 22.) An ALJ may reject a treating physician's opinion when it is inconsistent with the objective medical record. *Tommasetti*, 533 F.3d at 1041. However, here, Plaintiff correctly notes that the ALJ's citations to reports "only weeks before" Plaintiff provided with Dr. Ward with disability paperwork on March 31, 2016, in fact cite treatment notes from months earlier, in April 2015, July 2015, and December 2015. (Tr. 22 (citing Tr. 359, 482).) Furthermore, the correct treatment notes from "only weeks before" do not provide substantial evidence supporting the ALJ's conclusion that Plaintiff denied significant impairment. Dr. Ward's treatment notes from March 1, 2016, about a month before Plaintiff delivered disability paperwork, include Plaintiff's reports of ongoing bilateral foot pain and Dr. Ward's objective medical findings regarding Plaintiff's foot deformities. (Tr. 485–87.) Although Plaintiff did not complain of abdominal pain at that visit, the treatment

Page 17 – OPINION AND ORDER

notes provide no indication that he "specifically denied" such pain, and abdominal pain remained on his "Patient Active Problem List." (Tr. 485–86.) Accordingly, the ALJ's finding that Plaintiff "had specifically denied significant impairment only weeks before delivering disability paperwork to Dr. Ward" is unsupported by substantial evidence in the record.

3.    Inconsistency with subsequent clinical observations

The ALJ additionally reasoned that Dr. Ward's opinion is inconsistent with the clinical observations that Dr. Houston made a few months later. (Tr. 22.) An ALJ may reject a treating or examining physician's opinion when it is contradicted by clinical evidence. *Ryan*, 528 F.3d at 1199. In a treatment note on June 7, 2017, Dr. Houston indicated that Plaintiff did not exhibit swelling or tenderness in his abdomen, back, or paraspinal region, had normal range of motion, was not in distress, and had normal mental functioning. (Tr. 470–71.) Although the ALJ provided limited explanation of his finding of inconsistency, Dr. Houston's treatment notes directly contradict those of Dr. Ward on the narrow issue of Plaintiff's abdominal tenderness on exam. Plaintiff notes that the visit to Dr. Houston was an emergency room examination after Plaintiff came in for acute pain in his left chest and back, not an evaluation of the severity or limiting effects of Plaintiff's persistent symptoms. (Tr. 468.) Plaintiff argues that Dr. Houston's observations in that context are not a sufficient basis for rejecting Dr. Ward's opinion. Regardless of the context, however, the ALJ's identification of an inconsistency between Dr. Ward's opinion and clinical observations made a few months later is supported by substantial evidence in the record.

B.    *Inadequate Support for Dr. Ward's Opinion*

The ALJ additionally noted that there was little support for Dr. Ward's opinion that

Page 18 – OPINION AND ORDER

Plaintiff would have excessive absenteeism and that Plaintiff had severe limitations standing, walking, or sitting.    An "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (citation omitted).    Dr. Ward's limitations on Plaintiff's sitting and standing/walking of twenty minutes at a time find support in Dr. Ward's clinical findings regarding Plaintiff's abdominal and foot pain.    (Tr. 489–91.)    Accordingly, the ALJ's finding that these limitations lacked support is not supported by substantial evidence in the record.    However, Dr. Ward provided no support for his opinion that the Plaintiff would miss work three to four days a month, and none is apparent from the record.    Accordingly, the ALJ's findings regarding a lack of support for Dr. Ward's opinion on excessive absenteeism is supported by substantial evidence.

In summary, the ALJ's findings that Dr. Ward's opinion is unsupported by objective medical findings, inconsistent with Dr. Houston's clinical observations, and lacking support regarding excessive absenteeism are supported by substantial evidence in the record.    However, the ALJ's finding regarding Plaintiff's denials of significant impairment is unsupported by substantial evidence.    Additionally, this court notes that in rejecting Dr. Ward's opinion, the ALJ failed entirely to mention or account for Plaintiff's foot symptoms, which Dr. Ward's opinion endorsed.    Despite these shortcomings, the ALJ provided sufficient specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Ward's opinion.    *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012.    Accordingly, the ALJ did not err in giving although giving Dr. Ward's opinion only very limited weight.

III.    Remand

After finding the ALJ erred, this court applies a three-part test to determine whether the case should be remanded for further proceedings or remanded to calculate and award benefits. *Garrison*, 759 F.3d at 1020; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).   The court should grant an immediate award of benefits when these three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.   Where, after evaluating the record as a whole, there are serious doubts that the claimant is, in fact, disabled, the court may exercise its discretion and remand the case for further administrative proceedings.   *Id.* at 1021; *Connett*, 340 F.3d at 876.

Here, the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony.   If properly credited, Plaintiff's subjective complaints would require changes to the RFC, but would not necessarily require an ultimate finding of disability.   Accordingly, an immediate award of benefits is not appropriate.   On remand, the ALJ should be given the opportunity to reassess Plaintiff's subjective symptom testimony, resolve the outstanding conflicts in the record, formulate a correct RFC, and continue in the sequential analysis with assistance of a VE, if necessary. Because there are outstanding issues that must be resolved before a finding of disability can be made, this case is reversed and remanded for further proceedings consistent with this opinion.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's applications for benefits is REVERSED and this proceeding is REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED this ⟋5th⟍ day of April, 2020.

JOHN V. ACOSTA
United States Magistrate Judge

Page 21 – OPINION AND ORDER